**DAIGLE & SON, INC.**

v.

**Charles H. STONE, III and Linda Stone, et al.**

Supreme Judicial Court of Maine.

June 28, 1978.

**1116**

Rudman, Winchell, Carter & Buckley by Robert E. Sutcliffe (orally), Michael P. Friedman, Gerald E. Rudman, Bangor, for plaintiff.

Perkins & Edwards by Richard Edwards (orally), Guilford, for defendants.

1. The court also adjudged that plaintiff possessed a valid mechanics' lien against the Stones' property and that plaintiff was liable to the defendants on their counterclaim.

2. The trial attorney's whereabouts remain unknown.

3. The original trial justice died after hearing the new trial motion, but prior to rendering decision thereon. By stipulation of the parties,

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

PER CURIAM.

Following trial without a jury the Superior Court (Piscataquis County) awarded judgment to plaintiff Daigle & Son, Inc., of Monson on its complaint to recover money damages from the defendants based upon an alleged agreement to furnish labor and materials in constructing a house in Shirley.[1] Defendants, Dr. and Mrs. Stone, seasonably moved for a new trial under Rule 59(a), M.R.Civ.P., arguing that certain conduct of their trial attorney, Joseph J. Bichrest, who disappeared soon after the conclusion of the jury-waived trial,[2] had deprived them of a fair trial. The court denied the motion after hearing,[3] and from that ruling the defendants have prosecuted this appeal.

We deny the appeal.

As a general rule, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 C. Wright and A. Miller, *Federal Practice and Procedure* § 2803 at 32 (1973). *See generally, e. g., Jamestown Farmers Elevator, Inc. v. General Mills, Inc.*, 413 F.Supp. 764, 767–69 (D.N.D.1976), *rev'd* 552 F.2d 1285 (8th Cir. 1977). Moreover, a motion for a new trial in a nonjury case, such as this, "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." C. Wright and A. Miller, *supra* § 2805 at 37.

another justice decided the motion based upon the transcript of the hearing on the motion for new trial. This court also has before it on appeal that hearing transcript and is equally well-equipped as the justice who decided the motion to determine the propriety of a new trial. That justice did not have available, nor does this court, a transcript of the original trial proceedings, even though a court reporter recorded those proceedings.

In an attempt to satisfy the foregoing principles, defendants first point to their trial attorney's failure, contrary to their expectation, to call a certain Mr. Anderson to testify as an expert on their behalf at trial. Defendants have not, however, shown that the lack of Mr. Anderson's testimony, whether or not attributable to their own attorney's conduct, prejudiced their cause in any way. Defendants have not made an offer of proof showing the exact content of Mr. Anderson's proposed testimony, and in any event, defendants' attorney at trial produced another witness who testified in the same general area as Mr. Anderson apparently would have testified. We are at a total loss to discern how Mr. Anderson's absence at trial actually prejudiced the defendants. *Cf. MacArthur v. Dead River Co.*, Me., 312 A.2d 745, 746 (1973). Furthermore, there is nothing whatever in the record to indicate that Mr. Anderson would be available to testify even if we should now order a new trial.

Nor is there any merit to defendants' second contention, namely, that they were unduly prejudiced by Mr. Bichrest's disappearance immediately after the close of the trial. The trial justice had requested counsel for each party to submit a written brief. With defendants' approval, the then wife of the trial attorney (herself newly admitted to the Maine bar) prepared defendants' brief using her husband's case file and the trial justice's own notes. Defendants did not object to the adequacy of the brief submitted and raised their argument of prejudice only much later after the trial justice had announced his decision in favor of plaintiff. We lack any evidence from which to conclude that defendants were actually prejudiced by the unavailability of their trial attorney himself to prepare the written argument.

In conclusion, we must emphasize that the fate of defendants' motion below and on appeal was in large measure dictated by their own calculated choices in the way of post-trial strategy. Defendants did not move for a mistrial upon their attorney's disappearance nor did they make any objection to his failure to call Mr. Anderson. They agreed without objection that their trial attorney's spouse should prepare the post-trial brief. Defendants' attack on the fairness of the trial came only after the trial court had issued its adverse judgment some eight months after the trial. Even then, the attack was not made on appeal from the judgment itself but in the context of moving for a new trial, the denial of which defendants elected to appeal. Although a court reporter was in attendance throughout the three-day trial, defendants chose not to order a transcript, thereby failing in the end to create any record to support their assertion of prejudice that only a new trial could cure.

The entry must be:

Appeal denied.

Judgment affirmed.

POMEROY and GODFREY, JJ., did not sit.