**David CATES et al., Co–executors of the Estate of Mae Cates Smith**

**v.**

**Terrence M. FARRINGTON et al.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1980.

Decided Dec. 18, 1980.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for plaintiffs.

Lipman, Parks, Livingston, Lipman & Katz, P. A., John M. Parks (orally), Bruce R. Livingston, Augusta, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, ROBERTS and CARTER, JJ.

GODFREY, Justice.

In an action on a promissory note, the District Court, Division of Northern Kennebec, rendered judgment for defendants. The plaintiff, Mae Cates Smith, moved to vacate the judgment and for a new trial. From a denial of her motions by the District Court, Mrs. Smith appealed to the Superior Court, Kennebec County, which affirmed the District Court's judgment and the denial of plaintiff's motions. The plaintiff then appealed from the judgment of the Superior Court. Pending appeal to this Court, the plaintiff died and her executors were substituted as parties appellant.

On January 17, 1977, Mrs. Smith began an action against four members of the Donald Farrington family, claiming that the Farringtons owed her $3,250.97 on a promissory note executed in 1973. In a joint answer Terrence and Noreen Farrington raised the affirmative defense of an impending discharge in bankruptcy. Also in a joint answer, Donald and Christine Farrington asserted, among other things, the affirmative defense of release. After Terrence and Noreen Farrington were granted a discharge in bankruptcy, the action proceeded against only Donald and Christine Farrington.

Donald and Christine Farrington had executed an earlier promissory note to Mrs. Smith in 1971. After Mrs. Smith had brought suit on the earlier note, Donald and Christine Farrington had entered into a settlement with Mrs. Smith which included a signed release dated 1976. The 1976 release was on a standard stationer's form. Though it recited that it was "Specifically in discharge of a note dated February 18, 1971," it also contained language of general release and was denominated a "Release of all Demands." Mrs. Smith reserved no other causes of action against the Farringtons in the release.

The suit on the second promissory note came to trial on April 27, 1978, in District Court. None of the parties requested that the proceedings be electronically recorded; hence, there is no formal record of what transpired at trial. On April 30, 1979, the District Court judge rendered judgment in favor of the defendants. Neither party thereafter requested specific findings of fact or conclusions of law as permitted by D.C.Civ.R. 52(a).

Six days after the judgment was entered in the docket Mrs. Smith brought a "motion to vacate" under M.R.Civ.P. 59(e) and a motion for a new trial pursuant to M.R. Civ.P. 59(a) on the ground that the Farringtons' attorney had introduced into evidence the 1976 release allegedly with knowledge that it was not intended to affect the second promissory note. According to the supporting affidavit of Mrs. Smith's lawyer, the release had been admitted into evidence over Mrs. Smith's objection after she had testified that the release did not apply to the second note.

On May 16, 1979, the District Court judge denied Mrs. Smith's motions without a hearing. The judge's order on the "motion to vacate" stated merely, "The Motion to Vacate not setting forth facts requiring a hearing, said Motion is hereby denied." Even more brief was the order on the motion for a new trial: "Motion is hereby denied." At no time before issuing his orders did the judge inform the parties that he would not allow an oral hearing on the motions.

Two days after the District Court denied her motions Mrs. Smith appealed to the Superior Court both the orders denying her motions and the judgment in the underlying action. After a full hearing, the Superior Court judge affirmed the judgment and both orders. Because no electronic recording of the District Court proceeding had been requested and the parties had not adopted an agreed statement of the case, the Superior Court found it impossible to review the District Court's judgment on the merits. Since Mrs. Smith's motions raised issues concerning the merits of the case—whether the judge had relied erroneously on an irrelevant release which had been wrongfully introduced in evidence—the Superior Court was unable to review substantively the District Court's denial of those motions. The Superior Court also found that it was not clearly erroneous for the trial judge to have denied Mrs. Smith's motions without a hearing, inasmuch as the same issues raised in the motions were before the District Court at trial and an additional hearing would have been superfluous.

Mrs. Smith appealed to this Court the Superior Court's denial of her intermediate appeal. We affirm the Superior Court's judgment and concur in the judge's reasoning.

## I.

In the appellants' view, the Superior Court did not need to consider the merits of the underlying action in deciding whether the District Court erred substantively in denying Mrs. Smith's motions. Her allegations of attorney misconduct were asserted to be collateral to the merits of the action. If those allegations were true, the executors contend, Mrs. Smith was entitled to a new trial.

■ A court need not grant a motion for a new trial or a motion under Rule 59(e) unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done. Furthermore, when the trial is before a judge without a jury, such motions must be based on a manifest error of law or mistake of fact.

The burden of showing harmful error rests on the party seeking the new trial. *Daigle & Son, Inc. v. Stone*, Me., 387 A.2d 1115, 1116 (1978). Without a record of the proceeding being challenged there is no basis for a claim that the proceeding contained prejudicial error which only a new trial can cure. *Id.* at 1117. *See also Boothbay Register, Inc. v. Murphy*, Me., 415 A.2d 1079, 1080 (1980).

■ The Superior Court justice properly refused to review on the merits the District Court's denial of Mrs. Smith's motions. Although Mrs. Smith was entitled to an electronic recording of the trial on request, *see* D.C.Civ.R. 76(a), she did not ask for one. Neither did Mrs. Smith agree with the Farringtons on a statement of the case for the District Court's approval, an acceptable alternative to a formal record. D.C.Civ.R. 75(d). Consequently, the Superior Court had no means of ascertaining whether the District Court judge was misled by an irrelevant release or gave proper effect to an applicable general release. The allegations of attorney misconduct contained in the supporting affidavits were not collateral to the merits of the case, for whether the Farringtons' attorney acted wrongfully depended on whether the release had been intended to reach only the first promissory note.

If it were to be assumed *arguendo* that the Farringtons' attorney did act wrongfully, a new trial would be warranted only if the misconduct caused prejudicial error in the court's decision. *See Grant v. Warren Bros. Co.*, Me., 405 A.2d 213, 218 (1979). With neither a record of the trial, nor a request for special findings of fact and conclusions of law, nor an agreed statement of the case, Mrs. Smith could not show that the conduct of the Farringtons' attorney had any adverse impact on the District Court's decision.

## II.

■ The executors further contend that the Superior Court erred in affirming the District Court's refusal to hold a hearing before ruling on Mrs. Smith's motions.

Under M.R.Civ.P. 43(e), it was within the range of the trial judge's discretion to dispense with oral argument and decide the matter on the parties' affidavits.[1] *See Boothbay Register, Inc. v. Murphy,* Me., 415 A.2d 1079 n. 1 (1980). As the Superior Court said:

> It cannot be said that it was clearly erroneous for the District Judge to deny this motion without hearing. He had heard the evidence and the arguments at trial and may well have concluded that the issues raised on the motion to vacate were before the Court at the time of trial. The inadequacies of the record make it impossible to review his decision on any other than a purely speculative basis.

We agree.

The entry must be:

Appeal denied.

Judgment affirmed.

All concurring.

**1.** M.R.Civ.P. 43(e) reads in pertinent part: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties . . . ."