**Ellen O. FULLER**

v.

**TOWN OF SEARSPORT.**

Supreme Judicial Court of Maine.

Argued May 2, 1988.

Decided June 29, 1988.

shore rights on Perkins Cove, the result of this appeal would be the same regardless of which

statute is applied.

Francis C. Marsano, (orally), Eaton, Glass, Marsano & Woodward, Belfast, for plaintiff.

Peter K. Mason, (orally), Searsport, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The plaintiff, Ellen O. Fuller, appeals from a final judgment entered in the Superior Court, Waldo County, denying her petition for a permanent injunction against the defendant, Town of Searsport ("the Town"). Fuller sought to enjoin the Town from taking part of her property by eminent domain to install a portion of a sewage line.

Fuller is a permanent resident of Pennsylvania and owns a summer residence in Searsport. In May, 1985, a town meeting was held in Searsport during which the Selectmen were authorized to borrow and expend funds required for the installation of a new municipal wastewater collection treatment system. In the course of the following year, an engineering firm was hired to prepare plans for the system and assist with grant applications for the project that would be submitted to federal and state agencies.

The engineering firm developed a plan for the wastewater treatment system that involved part of the wastewater pipeline crossing Fuller's land along the northerly line of her property. On or about May 21, 1986, the town manager, Donald Grant,

notified Fuller by letter dated May 12, 1986 that the Town wanted an easement across her property for the planned wastewater pipeline. By letter dated June 4, 1986, Grant informed Fuller that he had instructed the Town attorney to begin eminent domain proceedings against her in order to obtain the easement. Fuller then commenced the present action in the Superior Court on July 28, 1986, seeking a permanent injunction against the Town.

On August 25, 1986, a special town meeting was held in Searsport. The voters of the Town who were present approved an article determining a public exigency required taking the most northerly 30 feet of Fuller's property. Fuller attended the meeting and was allowed to speak, but because she was a non-resident, she was not permitted to vote. Fuller had proposed several alternatives to the revised wastewater system plan; these were studied and then dismissed by the Town's engineers on the ground they were not cost-effective.

An evidentiary hearing was held in the Superior Court on Fuller's request for a permanent injunction on December 12, 1986. In a written Decision and Order filed on January 6, 1987, the court found that Fuller did not dispute the legitimacy of the procedures employed by the Town in acquiring her land, and it further found that there was no showing, that the Town's actions constituted a manifest abuse of power. Consequently, the court denied Fuller's request for a permanent injunction.

## DISCUSSION

■■■ In her appeal to this court, Fuller challenges the procedures employed by the Town in acquiring her land. Although we disapprove of the apparent failure of the Town to conform to the statutory requirement to state in the warrant the specific amount of damages to be paid for the interest taken,[1] because this issue was not

---

1. The Town was required to follow 30 M.R.S.A. § 4352 (1978) before it could acquire Fuller's land. Section 4352, in turn, mandates that the eminent domain procedure for location of town ways set out in 23 M.R.S.A. § 3023 (1980) be followed. Section 3023 provides, in pertinent part:

No interest shall pass to the town unless an article generally describing the property interest to be taken and stating the amount of

pursued before the Superior Court, we deem it unpreserved for appellate review. As previously noted, the court, based upon a letter-brief from Fuller's counsel, stated in its decision that Fuller did not contest the Town's procedures but relied instead only on "a clear abuse of power on the part of the Town" or "bad faith in the exercise of its power." Although she did subsequently file a motion for a new trial or to alter judgment under M.R.Civ.P. 59(b) and (e), Fuller based this motion on grounds other than procedural deficiencies. Accordingly, she made no objection to the court's finding that the statutory procedure issue was not contested and therefore must be deemed to have waived it here on appeal. *See Poire v. Manchester*, 506 A.2d 1160, 1163–64 (Me.1986).

■ Fuller further argues that an injunction should have issued because the Town committed a manifest abuse of its eminent domain power in taking her land. A taking by eminent domain will not be reversed on appeal absent a showing that the power of eminent domain has been abused. *See Finks v. Maine State Highway Commission*, 328 A.2d 791, 797–98 (Me.1974). Although a legislative determination that the taking was for a public purpose is a judicially reviewable decision, a finding of public exigency is not reviewable by the courts unless there was no rational basis to support a finding that an exigency existed.[2] *Ace Ambulance Service v. City of Augusta*, 337 A.2d 661, 663 (Me.1975). Fuller does not appear to dispute that the easement was for a public use.

■ There is no evidence in the record of a manifest abuse of power in the Town's decision to take Fuller's land. The undis-

puted testimony of the Town's engineers indicated that the most cost-effective way for the Town to construct the wastewater system involved the construction of a pipeline over Fuller's land.

Fuller has argued that there are other practicable, albeit more expensive ways for the Town to construct the wastewater system without crossing her land. We find this argument to be unpersuasive. The Town was certainly within the bounds of its eminent domain power when it took part of Fuller's land in order to benefit the taxpayers of the Town by minimizing the costs of the wastewater system construction. This public purpose was "the unquestioned province of the legislature to determine," *Spring v. Russell*, 7 Me. 273, 292 (1831), and the use of Fuller's property for this purpose did not constitute an abuse of the Town's eminent domain power. Because the record contains no evidence of an abuse of power, we conclude that the court did not err in denying Fuller's request for an injunction.

Fuller also contends that the court erred in denying a motion she submitted for a new trial or to alter judgment under M.R. Civ.P. 59(b) and (e). Her motion was based on an article in a local newspaper in June of 1987 that reported that the wastewater project received $182,000.00 more than expected in grant money, which would be used to expand the wastewater project. Fuller argues that if this information had been available to the court at the time of the hearing on the injunction, the case would have been decided differently. Her point appears to be that, since there was extra money available, this money should have been spent in an effort to bypass her land.

damages to be paid has been approved by a duly called town meeting. The town meeting may not amend the article, except to increase the amount of damages to be paid.

The special town meeting held in August, 1986, defeated a motion for the payment of $1500 to Fuller for her land, and then passed a motion to pay Fuller up to $25,000. This procedure clearly did not comport with the requirements of section 3023. The principal defect in the procedure was the failure of Article 2 of the

warrant of the special town meeting to state the specific amount of damages to be paid. The statute was also violated when the town meeting, in effect, amended the original motion for payment of $1500 by passing a subsequent motion for payment of up to $25,000.

2. Art. I, sec. 21 of the Maine Constitution reads: "Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

The standard for reviewing a denial of a Rule 59 motion is set out in *Cates v. Farrington*, 423 A.2d 539 (Me.1980):

> A court need not grant a motion for a new trial or a motion under Rule 59(e) unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done. Furthermore, when the trial is before a judge without a jury, such motions must be based on a manifest error of law or mistake of fact. The burden of showing harmful error rests on the party seeking the new trial ...

*Cates*, 423 A.2d at 541, citing *Daigle & Son, Inc. v. Stone*, 387 A.2d 1115, 1116 (Me.1978).

Fuller cannot prevail under this standard. By arguing that the unanticipated extra grant money should be spent for her benefit rather than the Town's, she has not met her burden of demonstrating a manifest error of law or mistake of fact that would entitle her to a new hearing.

The entry is:

Judgment affirmed.

All concurring.