STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-RE-15-003

RECEIVED & FILED

APR 0 5 2016

ANDROSCOGGIN
SUPERIOR COURT

MECHANICS SAVINGS BANK,

   Plaintiff,

v.

STEPHEN P. LESSARD,

   Defendant,

and

CAPITAL ONE BANK (USA), N.A. and
FORD MOTOR CREDIT COMPANY

   Parties-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION
AND FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW

Presently before the court is Plaintiff Mechanics Savings Bank's motion for reconsideration and for findings of fact and conclusions of law.

On February 3, 2016, the court issued an order on Plaintiff's motion for summary judgment in this foreclosure action. The Court found several elements of Plaintiff's statement of material facts and supporting affidavits to be defective. Accordingly, the court denied Plaintiff's motion for summary judgment.

The court also found that Plaintiff's notice of default and right to cure failed to strictly comply with 14 M.R.S. § 6111. Because compliance with 14 M.R.S. § 6111 is an essential element of foreclosure, the court determined that Plaintiff would be unable to prove its substantive claim and entered summary judgment for Defendant Stephen P. Lessard pursuant to Maine Rule of Civil Procedure 56(c). *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216; M.R. Civ. P. 56(c) ("Summary judgment, when appropriate, may be rendered against the moving party"); *see also* 3 Harvey, *Maine Civil Practice* § 56.10 at 251 (3d ed. 2011)

("Although permissible, a cross-motion is not necessary in order for a summary judgment to be entered in favor of the party opposing the original motion.").

On February 17, 2016, Plaintiff filed a motion for reconsideration and for findings of fact and conclusions of law.[1] Based on the following, Plaintiff's motion for reconsideration is granted in part and denied in part. Summary judgment is entered for the Defendant.

## I. STANDARD OF REVIEW

Motions for reconsideration are permitted to bring to the court's attention an error, omission, or new material that could not previously have been presented. M.R. Civ. P. 7(b)(5). A motion to reconsider a judgment shall be treated as motion to alter or amend the judgment. M.R. Civ. P. 59(e). The court will grant a motion to amend the judgment if "it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980).

Additionally, Maine Rule of Civil Procedure 52 provides that upon the request of a party, the court may make find the facts specially and state separately its conclusions of law. M.R. Civ. P. 52(a).

## II. FINDINGS OF FACT

On January 30, 2009, Defendant executed and delivered a promissory note to Plaintiff with an original principal amount of $405,000.00. (Pl. Supp. S.M.F. ¶ 1.) The promissory note was secured by a mortgage on property located at 39 Longley Road in Greene, Androscoggin County, Maine. (*Id.* ¶¶ 1-2.)

On November 3, 2014, Plaintiff mailed Defendant a notice of default and right to cure pursuant to 14 M.R.S. § 6111 (the "Notice"). (*Id.* ¶ 9.) The Notice stated that the "AMOUNT

---

[1] The court acknowledges that its order on Plaintiff's motion for summary judgment was not perfectly clear as to the court's reasoning. The court intends for this order, which contains findings of fact and conclusions of law, to clarify the court's decision on the motion for summary judgment.

NOW DUE" on the mortgage was $89,866.19. (Therrien Aff. Ex. C.) According to a footnote in the Notice, the basis for calculating the "AMOUNT NOW DUE" was shown in a separate attachment. (*Id.*) The attached document contains an itemized list of all past due monthly mortgage payments from May 1, 2012 through November 1, 2014. (*Id.*) The attached document also listed late charges of $2,112.60, postage expenses of $2.49, and a "Fee Balance" of $4,961.00. (*Id.*) The attached document did not state what charges or fees were included in the "Fee Balance" amount. (*Id.*)

> The Notice also stated the following:

> You have the right to cure such defaults by (a) full payment of all amounts that are due without acceleration, … In order to avoid the consequences described here-in-below, you must tender to the Mechanics Savings Bank the AMOUNT NOW DUE not later than thirty five (35) days after the receipt of this notice.

(*Id.*) The next paragraph of the Notice went on to state:

> You have the right to reinstate the your loan after acceleration until a judgment is entered if you meet the following conditions:
> (1) You pay to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required;
> …
> (3) You pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the property and rights under this Security Instrument;…

(*Id.*) The Notice further stated, emphasized with italics:

> *Complete satisfaction of the terms set forth in the preceding paragraph is required to avoid acceleration and foreclosure.*

(*Id.*) (emphasis original).

Plaintiff filed its complaint for foreclosure on January 12, 2015. (Compl. 1.) Plaintiff filed a motion for summary judgment on July 8, 2015 (Pl. Mot. Summ. J. 1.) In support on its motion for summary judgment, Plaintiff submitted a statement of material facts, a sworn

affidavit by Gerald Therrien, a Collection/Workout Manager with Plaintiff, and a sworn affidavit by Plaintiff's counsel. The following exhibits were attached to Therrien's affidavit: a copy of the note (Exhibit A), a copy of the mortgage (Exhibit B), a copy of the notice of default and right to cure and its attachments (Exhibit C), and account statements (Exhibit D). Attached to counsel's affidavit were copies of invoices counsel's firm to Plaintiff.

In its statement of material facts, Plaintiff averred that the mortgage was recorded in the Androscoggin County Registry of Deeds in Book 7615, Page 236. (Pl. Supp. S.M.F. ¶ 3.) Plaintiff cited Therrien's affidavit and Exhibit B, a copy of the mortgage attached thereto, in support of this statement of material facts. *Id.*

Plaintiff's statement of material facts also averred that Defendant breached a mortgage condition by failing to make payments as required by the mortgage and the note. (Pl. Supp. S.M.F. ¶¶ 7-8.) Plaintiff's statement of material facts averred that the mortgage required Defendant to pay the principal and interest due under the terms of the note and cited to paragraph 12 of Therrien's affidavit and the mortgage attached thereto. (*Id.* ¶ 6.) Plaintiff's statement of material facts further stated that the note required Defendant to pay the full amount of each periodic payment when due. (*Id.* ¶ 5.) In support of this contention, Plaintiff cited paragraph 11 of Therrien's affidavit and the note attached thereto. (*Id.*) Paragraph 11 of Therrien's affidavit cited paragraph 7(C) of the note. (Therrien Aff. ¶ 11.) The note does not contain a paragraph 7(C). (*Id.* Ex. A.) Further, Paragraph 7 of the note concerns the method for giving notice under the note, not Defendant's obligation to repay the loan. (*Id.*)

Plaintiff's statement of material facts also averred that the total amount due on the mortgage was $459,585.01, including $7,746.47 in "collection fees and costs." (Pl. Supp. S.M.F. ¶ 11.) In a footnote, Plaintiff disclosed that the $7,746.47 in "collection fees and costs" included

$7,083.98 in legal fees and costs. (*Id.* ¶ 11 n.1.) The footnote further disclosed that $5,216.00 of the attorney fees and costs were charges from a prior law firm for a prior foreclosure action that was dismissed. (*Id.*) Only $1,867.98 of the attorney fees and costs were actually incurred in this foreclosure action. (*Id.*) To support these assertions, Plaintiff cited only an expense report attached to Therrien's affidavit as part of Exhibit D. (*Id.*) The expense report included in Exhibit D provided an itemized list of expenses incurred by Plaintiff, including various "legal fees" totaling $7,083.98. (Therrien Aff. Ex. D.) The expense report does not explain the purpose for which these "legal fees" were incurred. (*Id.*)

Plaintiff did not cite to the affidavit of its counsel or the invoices attached thereto as evidence of the fees and expenses incurred in this foreclosure action. (Pl. Supp. S.M.F. ¶ 11 & n.1.) Further, the invoices attached to counsel's affidavit only provided evidentiary support for the $1,867.98 in fees and costs incurred by counsel's firm. (Buck Aff. Attachments.) Counsel's affidavit provided no evidentiary support for the $5,216.00 in attorney fees and costs charged by the prior firm in the prior foreclosure action. (*Id.*)

Plaintiff's statement of material fact also averred that Ford Motor Credit Company is a party-in-interest in this action due to a writ of execution against Defendant in the amount of $11,340.34 recorded in Book 8019, Page 165. (Pl. Supp. S.M.F. ¶ 14.) Plaintiff also claimed that Capital One Bank (USA), N.A. is a party-in-interest in this action due to a writ of execution in the amount of $6,920.15 against Defendant recorded in Book 8320, Page 160. (*Id.* ¶ 15.) Plaintiff asserted that both of these claims were subordinate to Plaintiff's claim. (*Id.* ¶ 16.) Plaintiff cited Therrien's Affidavit in support of its assertions. (*Id.* ¶¶ 14-16.) Therrien's affidavit reiterated the same assertions, but cited no records as evidentiary support. (Therrien Aff. ¶¶ 20-22.)

## III. CONCLUSIONS OF LAW

### A. Notice of Default and Right to Cure

In residential mortgage foreclosure actions, the court strictly applies the rules regarding summary judgment. *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. Under 14 M.R.S. § 6111, a mortgagee may not accelerate or enforce a mortgage on a mortgagor's primary residence until at least 35 days after giving written notice of the mortgagor's right to cure the default. 14 M.R.S. § 6111(1). If the mortgagor tenders payment of the amounts necessary to cure the default within the 35 days, the mortgage is restored as though the default had not occurred. *Id.* Section 6111 mandates that the notice of default include, among other requirements: "An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;" and "An itemization of any other charges that must be paid in order to the default[.]" *Id.* § 6111(1-A)(B-C).

The Law Court has explained: "Section 6111 affords a mortgagor a period of time within which [the mortgagor] has a right to cure any default on the mortgage ***before the mortgagee may accelerate maturity of the unpaid balance of the obligation*** or otherwise enforce the mortgage because of a default." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 30, 96 A.3d 700 (emphasis supplied) (internal quotation marks and citation omitted). "[S]ection 6111 effectively freezes such additions to the payoff amount during the cure period. Because the amount due as stated in the notice of default is the ***precise amount that the mortgagor has thirty-five days to pay in order to cure the default***, the amount due is not... open to any further accrual during that period." *Id.* ¶ 31 (emphasis supplied). The Law Court has explicitly stated that "foreclosure plaintiffs must strictly comply with all statutory foreclosure requirements." *Id.*

Evidence of a properly served notice of default and right to cure is compliance with 14

M.R.S. § 6111 is a necessary element in order to obtain foreclosure. *Id.* ¶ 18 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508). When a court determines on a motion for summary judgment that a foreclosure plaintiff would be unable to prove a necessary element of its substantive claim, then the court must enter judgment for the defendant. *Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216.

*1. The Precise Amount Due to Avoid Acceleration and Foreclosure*

In this case, the Notice's initial statements that the Defendant had the right to cure the default by "full payment of all amounts that are due without acceleration," and "In order to avoid the consequences described here-in-below, you must tender to the Mechanics Savings Bank the AMOUNT NOW DUE not later than thirty five (35) days after the receipt of this notice" comply with 14 M.R.S. § 6111 and *Greenleaf.*

However, it is the subsequent language in the Notice that fails to strictly comply with § 6111 and *Greenleaf.* The Notice states that "to reinstate your loan after acceleration[,]" Defendant must pay "the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required;" and "all of Lender's reasonable expenses in enforcing this Security Instrument." The Notice then emphasizes in italics that: "*Complete satisfaction of the terms set forth in the preceding paragraph is required* **to avoid acceleration** *and foreclosure.*" (italics original, bold supplied).

As discussed above, § 6111 effectively freezes the pay-off amount that a mortgagor must pay in order to avoid acceleration of the mortgage and foreclosure. The emphasized statement that "*Complete satisfaction of the terms set forth in the preceding paragraph is required* **to avoid acceleration**" suggests that Defendant must do more than simply pay the amount now due in order to avoid acceleration. The italicized sentence suggests that the Defendant must also pay

"the full amount that then would be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in order to cure the default avoid acceleration. Thus, the Notice appears to require Defendant to pay other amounts in addition to the "AMOUNT NOW DUE" in order to cure the default and avoid acceleration. Therefore, in light of the Law Court's directive that foreclosure plaintiffs must strictly comply with all statutory requirements, the Notice does not state the "precise amount" that Defendant must pay in order cure the default and avoid acceleration of the mortgage.[2]

### 2. *Itemization of Additional Amounts*

As previously discussed, § 6111 requires that the notice of default contain an "itemization of any other charges that must be paid in order to cure the default[.]" 14 M.R.S. § 6111(1-A)(C). Again, the Law Court has explicitly stated that "foreclosure plaintiffs must strictly comply with all statutory foreclosure requirements[.]" *Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700.

Neither the Notice nor the document attached thereto stated what charges or amounts were included in the $4,961.00 "Fee Balance" that Defendant must pay in order to cure the default. It is unclear whether the "Fee Balance" represents a single charge or multiple charges. It is unclear whether this "Fee Balance" includes reasonable attorneys fees, property inspection fees, property valuation fees, or other fees incurred by Plaintiff in protecting its security interest in the property.

Therefore, in light of the Law Court's directive that plaintiffs must strictly comply with

---

[2] The court recognizes that the likely *intent* of the subsequent paragraphs in Plaintiff's Notice was to inform Defendant that, even after the cure period had expired, Defendant could have the loan reinstated as if acceleration had not occurred by paying "the full amount that then would be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in addition to other requirements. However, the italicized sentence cited above does not state, *Complete satisfaction of the terms set forth in the preceding paragraph is required to reinstate the mortgage as if acceleration had not occurred.* It is the use of the phrase "*to avoid acceleration*" that suggests that the mortgagor must comply with the additional terms to prevent acceleration, i.e., during the 35-day cure period.

all statutory requirements, the court concludes that Plaintiff's Notice fails to properly itemize the additional charges that must be paid in order to cure the default in accordance with § 6111.

Because strict compliance with 14 M.R.S. § 6111 is an essential element of foreclosure, there is no genuine issue that Plaintiff would be unable to prove its substantive claim at trial. Therefore, the court must enter summary judgment for Defendant. *See Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216.

B.    Unsupported Statements of Fact

Again, in residential mortgage foreclosure actions, the court strictly applies the rules regarding summary judgment. *Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. When a party moves for summary judgment in a residential mortgage foreclosure action, Maine Rule of Civil Procedure 56(j) requires the court to independently determine whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. M.R. Civ. P. 56(j); *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. Each statement of material fact must be "supported by evidence of a quality that could be admissible at trial." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158; M.R. Civ. P. 56(h)(4). The court must not consider a statement of material fact unsupported by citation to record evidence nor is the court allowed to search the record to find evidence in support of such unsupported statements. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

Rule 56 also requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R. Civ. P. 56(e). When an affiant's statements are based upon his or her review of business records, those records must be attached and must be referenced in order for the affidavit to provide adequate evidence in support of a motion for summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10, 21 A.3d

1015; M.R. Civ. P. 56(h)(4). In order for such business records to be deemed "of a quality admissible at trial," a qualified witness must attest, with regard to each record, that:

(1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
(2) the record was kept in the course of a regularly conducted business;
(3) it was the regular practice of the business to make records of the type involved; and
(4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700; M.R. Evid. 803(6).

In order to obtain summary judgment in a residential mortgage foreclosure action, the mortgage holder "must comply strictly with all steps required by statute," and the mortgage holder's statement of material facts must contain facts proving eight essential elements, including the following:

- the existence of the mortgage, including the book and page number of the mortgage;

- a breach of a condition in the mortgage by the mortgagor;

- the amount due on the mortgage note, including any reasonable attorney fees and court costs; and

- the order of priority and any amounts that may be due to other parties in interest;

*Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508).

### 1. *Book and Page Number of the Mortgage*

Upon reconsideration, Plaintiff's statement of material fact regarding the book and page number of the recorded mortgage is properly supported. Plaintiff's statement of material fact cited Therrien's affidavit and Exhibit B, a copy of the mortgage attached thereto. Because Plaintiff's statement of material facts cites directly to the copy of the mortgage, the statement of

fact is properly supported.

### 2. *Breach of a Mortgage Condition*

Plaintiff's statement of material fact regarding a breach of a mortgage condition was not properly supported. As previously discussed, a mortgage holder must strictly comply all statutory requirements in order to obtain foreclosure. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. The court is not permitted to search the record to find evidence in support of statements of material fact. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

Plaintiff's statement of material facts averred that Defendant breached a mortgage condition by failing to pay the principal and interest due under the terms of the note. Plaintiff's statement of material facts further asserted that the note required Defendant to pay the full amount of each periodic payment when due. Plaintiff cited paragraph 11 of Therrien's affidavit in support of this contention. Paragraph 11 of Therrien's affidavit cited to paragraph 7(C) of the note. Because there is no paragraph 7(C), the evidence cited in Plaintiff's statement of material facts does not support Plaintiff's contention regarding the terms of the note. Because the court is not permitted to search the record to find evidence in support of statements of material fact, Plaintiff's statements of fact regarding breach of a mortgage condition was unsupported.

### 3. *Reasonable Attorney Fees and Costs*

Plaintiff's statement of fact regarding the amount of attorney fees and costs was not properly supported. In a mortgage foreclosure action, the court must determine the amount due on the note, including *reasonable* attorney fees and costs. 14 M.R.S. § 6322 (emphasis supplied). Without citation to an affidavit from counsel or a breakdown of the attorney fees and costs, the court cannot determine whether the legal fees claimed in a plaintiff's statement of material facts are reasonable. *Bath Sav. Inst. v. Elichaa*, 2014 Me. Super. LEXIS 165, at *5

(Sept. 19, 2014). Here, the expense report attached to Therrien's affidavit as part of Exhibit D provides no explanation or context for how or why these "legal fees" were incurred. Therefore, the court is unable to evaluate the reasonableness of those fees.

Additionally, the court is not permitted to search the record to find evidence in support of statements of material fact. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158. Thus, the court may not search the record for counsel's affidavit in order to evaluate whether the $7,083.98 in legal fees and costs were reasonable.[3]

### 4.    *Order of Priority and Amounts Due to Parties-in-Interest*

Plaintiff's statements of facts regarding the order of priority and amounts due to parties-in-interest were not properly supported. As previously discussed, proof of the order of priority and any amounts that may be due to other parties-in-interest is an essential element that plaintiff must establish in order to obtain foreclosure. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted). Plaintiff's statement of fact regarding the order of priority and amounts due to parties-in-interest must be supported by evidence in the record. *Lubar v. Connelly*, 2014 ME 17, ¶ 37, 86 A.3d 642. When an affiant's statements are based upon his or her review records, those records must be attached in order to provide adequate evidentiary support. *Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015; M.R. Civ. P. 56(h)(4).

Here, Therrien's affidavit cites no records to support of his statements regarding the order of priority and amounts due to parties-in-interest. Further, there is no basis in the summary judgment record for the court to conclude that Therrien has personal knowledge of the original amounts due to parties-in-interest and the exact book and page numbers of where the writs of

---

[3] Furthermore, even if the court were able to rely on counsel's affidavit, the affidavit would only provide evidentiary support for the $1,867.98 in fees and costs incurred by counsel's firm. Counsel's affidavit and the invoices attached thereto provide no evidentiary support for the $5,216.00 in fees and costs charged by a prior firm in a prior foreclosure action.

execution against are recorded. Therefore, Plaintiff's statements of material facts regarding the order of priority and amounts due to the parties-in-interest were not properly supported.

Based on the foregoing, Plaintiff's motion is granted as to the court's prior conclusion that Plaintiff's statement of material fact regarding the book and page number of the recorded mortgage was unsupported. Upon reconsideration, the court concludes that Plaintiff's statement of material fact regarding the book and page number of the recorded mortgage was properly supported. Otherwise, Plaintiff's motion for reconsideration is denied as to all other conclusions on Plaintiff's motion for summary.

The entry is: Plaintiff's motion for reconsideration is granted in part and denied in part. Summary judgment is entered for Defendant.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 4/6/16

MaryGay Kennedy
Justice, Superior Court