STATE OF MAINE　　　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　DOCKET NO. AP-18-4

CHRISTOPHER A. BOND,

　　　　　Petitioner　　　　　　　　　ORDER ON PETITIONER'S
　　　　　　　　　　　　STATE OF MAINE　　MOTION FOR
v.　　　　　　　　　Cumberland, ss, Clerk's Office　RECONSIDERATION

TOWN OF WINDHAM,　　　　JUN 05 2018
　　　　　　　　　　　　　　4:05PM
　　　　　Respondent　　RECEIVED

Before the court is petitioner's motion to reconsider the court's decision and order dated

March 26, 2018. In his motion, petitioner requests that the court amend its prior order to reflect

that the documents sought by petitioner are not protected by the work product doctrine and to grant

petitioner access to those documents pursuant to the Freedom of Access Act. 1 M.R.S. § 408

(2017). For the following reasons, the motion is denied.

Standard of Review

A motion for reconsideration "shall not be filed unless required to bring to the court's

attention an error, omission or new material that could not previously have been presented." M.R.

Civ. P. 7(b)(5). "A motion for reconsideration of the judgment shall be treated as a motion to alter

or amend the judgment." M.R. Civ. P. 59(e). Courts should order relief pursuant to M.R. Civ. P.

59(e) when it is "reasonably clear that prejudicial error has been committed or that substantial

justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980).

Discussion

Petitioner argues that the documents are not protected work product for two reasons. First,

petitioner argues that respondent has waived the right to assert the work product protections

because respondent failed to identify specific documents and assert the nature of their protected

1

status on the privilege log that respondent furnished to petitioner. Second, petitioner argues that the documents are not protected work product because they were not sought in the course of a court proceeding and because no pending controversy exists. Additionally, petitioner argues that the court committed error by assigning him the burden to show a substantial need for the material contained in the requested documents.

Petitioner's first and second arguments were either previously presented or could have been presented in petitioner's earlier submissions to the court. Accordingly, neither argument constitutes grounds for reconsideration of the court's order. M.R. Civ. P. 7(b)(5). Notwithstanding, the court briefly addresses the first two arguments to show that neither argument warrants the relief sought by petitioner in his motion to reconsider.

Contrary to petitioner's first argument, respondent was not required to comply with the requirements contained in M.R. Civ. P. 26(b)(5)(A) when responding to petitioner's request for documents. Dubois v. Office of the Attorney General, 2018 ME 67, ¶ 12, ___ A.3d ___. Respondent's written notice stating that it was withholding certain documents because they were confidential communications was sufficient to provide notice to petitioner that respondent was withholding the documents because they "would be within the scope of a privilege against discovery or use as evidence . . . ." 1 M.R.S. §§ 402(3)(B), 408-A(4) (2017); see also id.

Contrary to petitioner's second argument, documents are not considered "public records" if they "would be within the scope of a privilege against discovery or use as evidence . . . if the records . . . were sought in the course of a court proceeding." 1 M.R.S. § 402(3)(B) (emphasis added). There is no requirement that the documents must have been sought in the course of a court proceeding or that a pending controversy must exist in order for respondent to claim that they are not "public records". Id.

2

Additionally, documents are protected work product if they are "prepared in <u>anticipation</u> of litigation." M.R. Civ. P. 26(b)(3) (emphasis added); <u>see also</u> <u>Springfield Terminal Ry. Co. v. Dep't of Transp.</u>, 2000 ME 126, ¶ 16, 754 A.2d 353. The documents are not required to have been created during the pendency of litigation in order to invoke the rule's protections. <u>See</u> 2 Harvey, <u>Maine Civil Practice</u> § 26:6 at 643 (3d ed. 2011); <u>See</u> <u>Dubois</u>, 2018 ME 67, ¶ 22, ___ A.3d ___.

Similarly, unlike the attorney client privilege, there is no requirement that disclosure must seriously impair a pending investigation, litigation, or proceeding in order for a public body to invoke the protections of rule 26(b)(3). <u>See</u> M.R. Evid. 502(d)(6); M.R. Civ. P 26(b)(3). Petitioner relies on <u>Springfield Terminal Ry. Co. v. Dep't of Transp.</u> for the proposition that the work product doctrine may only be asserted when there is a pending controversy. In that case, however, the Law Court limited its analysis to whether the respondent created documents in anticipation of litigation and whether that anticipation was reasonable. <u>Springfield Terminal Ry. Co.</u>, 2000 ME 126, ¶¶ 20-24, 754 A.2d 353. Whether a controversy was pending at the time of the petitioner's FOAA request did not factor into the Law Court's analysis. <u>See</u> <u>id.</u>; <u>see also</u> <u>Dubois v. Dep't of Envtl. Prot.</u>, 2017 ME 224, ¶¶ 15-17, 174 A.3d 314.

Finally, petitioner argues that the court erred by placing upon him the burden to show that he has a substantial need of the materials contained in the documents he seeks to acquire. Once a party has established that a document is work product, the burden "shifts to the party seeking disclosure to demonstrate that it has substantial need of the materials and cannot obtain the document otherwise without undue hardship." <u>Springfield Terminal Ry. Co.</u>, 2000 ME 126, ¶ 15, 754 A.2d 353 (citing M.R. Civ. P. 26(b)(3)). This burden remains even when a party is seeking access to documents pursuant to the FOAA. <u>See</u> <u>id.</u>

3

Conclusion

For the foregoing reasons, the court did not err when it held that the documents sought by petitioner would be within the scope of the work product privilege against discovery if those documents were sought in the course of a court proceeding. Consequently, the court did not err when it denied petitioner access to all but three of the documents he requested.

The entry is

Petitioner's Motion for Reconsideration is DENIED.

Date: June 5, 2018

Nancy Mills
Justice, Superior Court

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-4

CHRISTOPHER A. BOND,

    Petitioner

v.

                                     DECISION AND ORDER

TOWN OF WINDHAM,

    Respondent

Before the court is petitioner Christopher Bond's appeal of the respondent Town of Windham's denial of his request to inspect government records pursuant to the Maine Freedom of Access Act and his motion for trial of the facts. 1 M.R.S. §§ 400-414 (2017); M.R. Civ. P. 80B(a) & (d). The court elects to decide the appeal based on the party's submissions. See 1 M.R.S § 409(1) (2016); Dubois v. Dep't of Envtl. Prot., 2017 ME 224, ¶ 10, 174 A.3d 314. For the following reasons, petitioner's appeal is granted-in-part and denied-in-part and the motion for trial of the facts is denied.

A. Factual Background

Petitioner is an individual who owns real property in the Town of Windham. (Pet.'s Compl. ¶ 3.) In March 2016, the Town of Windham filed a land use complaint in the District Court and claimed that petitioner had improperly installed a wood stove in a storage structure on his property. (Resp.'s Statement of Position at 2); Town of Windham v. Christopher A. Bond, No. CV-16-94, 2016 Me. Super. LEXIS 108, at *1 (Me. Dist. Ct., Portland, July 13, 2016). On July 13, 2016, the judge of the District Court issued a judgment ordering petitioner to remove the wood stove and to pay a $300 civil penalty. Bond, 2016 Me. Super. LEXIS 108, at *9. On May 9, 2017,

1

the Law Court issued a memorandum of decision affirming the judgment of the District Court. Town of Windham v. Christopher A. Bond, Mem-17-46 (May 9, 2017).

On September 20, 2016, petitioner emailed Kevin Haskell, the respondent's attorney, and made a "FOAA request to see all of respondent's Public Records that in any way relate to me or my property located on Libby Hill Road." (Resp.'s Ex. A.) On February 8, 2017, respondent provided petitioner with a USB drive containing some of the requested records. (Resp.'s Ex. C.) Respondent indicated to petitioner that there were an additional 89 documents[1] that it did not provide due to confidentiality. (Resp.'s Exs. C, D.) On December 8, 2017, respondent wrote to petitioner and stated that he was not in compliance with the order of the District Court. (Resp.'s Ex. E.) On December 11, 2017, petitioner submitted a written request to respondent and sought access to the records that were excluded from respondent's February 8, 2017 production of records. (Pet.'s Ex. 2.) On December 15, 2017, respondent declined to produce the requested records based on the attorney-client privilege. (Pet.'s Exs. 3, 4.)

On January 16, 2018, petitioner filed a complaint in the Superior Court and appealed respondent's denial of his request for records. 1 M.R.S. § 409(1) (2017). Respondent filed a statement of position on January 23, 2018. On February 6, 2018, the court ordered respondent to file under seal the 89 withheld documents requested by petitioner. Respondent filed these documents on February 26, 2018 and the court has reviewed them in camera.

In the motion for trial of the facts, petitioner proposes a trial of four facts related to whether he has complied with the order of the District Court in the enforcement action. See Bond, 2016 Me. Super. LEXIS 108, at *9; Bond, Mem-17-46; (Pet.'s Mot. Trial of Facts 4-6.)

---

[1] Several of the documents are duplicates.

2

B. Standard of Review

"Except as otherwise provided by statute, a person has the right to inspect and copy any public record . . . ." 1 M.R.S. § 408-A (2017). The Freedom of Access Act broadly defines "public records" as:

> Any written, printed or graphic matter . . . that is in the possession or custody of an agency or public official of this State or any of its political subdivisions . . . and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business . . . .

Id. § 402(3) (2017). Public records do not include "records that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." Id. § 402(3)(B).

When a party appeals the denial of a request for documents under the Freedom of Access Act, the burden is on the agency or political subdivision "to establish just and proper cause for the denial." 1 M.R.S. § 409(1) (2017); Town of Burlington v. Hosp. Admin. Dist. No. 1, 2001 ME 59, ¶ 13, 769 A.2d 857. The Freedom of Access Act is to be liberally construed and applied and courts must interpret strictly any statutory exceptions to the act's requirements. 1 M.R.S. § 401 (2017); Springfield Terminal Ry. Co. v. DOT, 2000 ME 126, ¶ 8, 754 A.2d 353. Construction of the provisions of the act is an issue of law that is reviewed de novo. Town of Burlington, 2001 ME 59, ¶ 12, 769 A.2d 857.

C. Analysis

1. Maine Freedom of Access Act

Respondent claims that it withheld the 89 documents because they fall within the scope of both the attorney-client privilege and the work-product privilege. Petitioner argues that the

3

privileges claimed by respondent are inapplicable because no authority exists that exempts privileged attorney-client communications or work product from the disclosure requirements of the Freedom of Access Act. (Pet.'s Compl. ¶ 19.) Specifically, petitioner argues that there is no pending court proceeding relevant to the documents requested and therefore those documents do not fall within the statutory exception to the definition of public records. (Pet.'s Compl. ¶¶ 19-21.) Respondent argues that the section 402(3)(B) exception for privileged documents is not dependent on the existence of an ongoing court proceeding.

### a. Attorney-Client Privilege

As a general rule, the attorney-client privilege protects confidential communications between an attorney and the client or client representative from disclosure. M.R. Evid. 502(b) (2017). An exception to the privilege exists for "communications between a public officer or agency and its lawyers." Id. 502(d)(6); Superintendent of Ins. v. Attorney Gen., 558 A.2d 1197, 1203 (Me. 1989). In those instances, the privilege will exist only if "the court determines that disclosure will seriously impair the public officer's or agency's ability to process a claim or carry out a pending investigation, litigation, or proceeding in the public interest . . . ." M.R. Evid. 502 (d)(6). If such an impairment exists, the privilege will apply only to those "communications concerning the pending investigation, claim, or action." Id.

The vast majority of the 89 withheld documents are correspondence between respondent and its attorneys relating to legal issues surrounding a zoning ordinance enforcement action against petitioner that was pending at the time the communications were made. Bond, 2016 Me. Super. LEXIS 108, at *9. Respondent, however, has failed to establish that disclosure of these documents would seriously impair a pending investigation, litigation, or proceeding in the public interest. See id. In Sawyer Envtl. Recovery Facilities, Inc. v. Baker, the Superior Court held that disclosure of

4

a town attorney's legal analysis concerning the modification of the site plan approval would not seriously impair the town's ability to proceed on the then pending appeal of the application. No. CV-99-69, 1999 Me. Super. LEXIS 320, at *5-6 (Dec. 2, 1999). The court thus concluded that the town could not assert the attorney-client privilege to prevent disclosure under the FOAA. Id. at 6.

In this case, both the enforcement action and the subsequent appeal are resolved and no longer pending. (Resp.'s Statement of Position at 3); Bond, 2016 Me. Super. LEXIS 108, at *9; Bond, Mem-17-46. The only pending dispute that respondent has identified is the fact that petitioner may not have fully complied with the order of the District Court. (Resp.'s Statement of Position 6; Resp.'s Ex. E.) While respondent asserts that future litigation may be necessary, it has not made more than a cursory argument that disclosure of its correspondence will seriously impair respondent's ability to enforce the order of the District Court. Respondent has not met its burden to show facts giving rise to the attorney-client privilege pursuant to M.R. Evid. 502(d)(6) and may not claim the privilege to prevent disclosure pursuant to the FOAA.

b. Work Product

M.R. Civ. P. 26(b)(3) protects materials prepared in anticipation of litigation from discovery.

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

M.R. Civ. P. 26(b)(3) (2017).

"A document is protected as work product only if it was created because of the party's subjective anticipation of future litigation." Springfield Terminal Ry. Co., 2000 ME 126, ¶ 16,

5

754 A.2d 353. The "subjective anticipation" must be "objectively reasonable." Id. Further, the document must have been prepared "principally or exclusively to assist in anticipated or ongoing litigation." Id. ¶ 17 (quoting United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). "A document prepared in the regular course of business may be prepared in anticipation of litigation when the party's business is to prepare for litigation." Harriman v. Maddocks, 518 A.2d 1027, 1034 (Me. 1986) (holding that documents prepared by an insurance adjuster were protected by the work-product doctrine) (quotation omitted).

With three exceptions, all of the 89 withheld documents are emails between the respondent and its attorneys. The majority of these emails relates to then ongoing litigation involving: petitioner's Rule 80B appeal of respondent's denial of a request for variance; a Rule 80K enforcement action initiated against petitioner; and the subsequent appeal of that enforcement action. A further five emails relate to petitioner's FOAA request for documents that relate to him or his property.

The emails in this case contain legal reasoning, negotiation strategies, advice, impressions, drafts of documents and correspondence, and updates concerning the status of litigation. Because an attorney's business is to provide legal advice and prepare for the reasonable prospect of litigation, the emails between respondent and its attorneys were presumptively prepared in anticipation of litigation. See id. at 1034. Petitioner has not claimed or shown that he has a substantial need for the materials contained in the emails. See M.R. Civ. P. 26(b)(3). He states only that he "has a legitimate interest in the records requested." (Pet.'s Compl. ¶ 16.) Accordingly, these communications fall within the work product privilege and are protected from disclosure pursuant to the FOAA. See Springfield Terminal Ry. Co., 2000 ME 126, ¶¶ 20-24, 754 A.2d 353 (holding that letters between Department of Transportation officials, the Department's

6

chief counsel, and outside counsel were protected from disclosure by the work product doctrine); Dubois v. Dep't of Envtl. Protection, 2017 ME 224, ¶ 17, 174 A.3d 314 (holding it was not error for the Superior Court to apply the work product privilege to emails concerning the drafting process and strategy for executing a search warrant); see also Dubois v. Dep't of Envtl. Protection, No. AP-15-28, 2016 Me. Super. LEXIS 83, at **12-13 (May 18, 2016) aff'd in part, vacated in part, 2017 ME 224, 174 A.3d 314.

Documents 51, 74, and 75 are emails between respondent and tax data professionals concerning delinquent tax files. As a municipal entity, respondent is engaged in the business of assessing and collecting taxes. See 36 M.R.S. §§ 501-1140-B (2017). Respondent represented on the envelope containing the 89 documents and in a letter to the court dated February 26, 2018 that respondent does not object to the disclosure of documents 51, 74, and 75.

2. Motion for Trial of Facts

Based on the court's conclusion that whether petitioner has complied with the order of the District Court does not preclude disclosure of the documents pursuant to the FOAA, a trial of facts related to that compliance is unnecessary.

The entry is

> Petitioner Christopher Bond's Rule 80B Appeal is granted in part and denied in part. Respondent Town of Windham will produce to Petitioner Christopher A. Bond documents 51, 74, and 75. Respondent Town of Windham is not required to produce the remainder of the withheld 89 documents.

Petitioner's Motion for Trial of the Facts is DENIED.

Date: March 26, 2018

Nancy Mills
Justice, Superior Court

7