**MAINE CENTRAL RAILROAD COMPANY and Portland Terminal Company, Plaintiffs,**

v.

**BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES, Defendant.**

**Civ. No. 86–0083 P.**

United States District Court, D. Maine.

March 5, 1986.

---

Charles S. Einsiedler, Portland, Me., William F. Sheehan, Ralph H. Moore, Jr., Washington, D.C., for plaintiff.

Craig J. Rancourt, Biddeford, Me., John O'B. Clarke, Jr., Thomas P. Murphy, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION DENYING MOTION FOR PRELIMINARY INJUNCTION

GENE CARTER, District Judge.

█ In this action Plaintiffs seek to enjoin Defendant union from striking over the inclusion of certain job protection provisions in their contract. Currently before the Court is Plaintiffs' motion for a preliminary injunction.[1] In order for Plaintiffs to prevail on their claim for such relief, the Court must find (1) that the Plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which the granting of injunctive relief would inflict on the Defendant; (3) that Plaintiffs have exhibited a likelihood of success on the merits; and (4) that the

---

1. Although initially filed as a motion for a temporary restraining order, Defendant received notice and a hearing was held. The Court will, therefore, treat the motion for a temporary restraining order as a motion for a preliminary injunction. *Stanton v. Brunswick School Department,* 577 F.Supp. 1560, 1562 (D.Me.1984).

public interest will not be adversely affected by the granting of the injunction. *Stanton v. Brunswick School Department,* 577 F.Supp. 1560, 1566–67 (D.Me.1984). After reviewing the written submissions of Plaintiffs and considering the oral presentations of both parties, the Court finds that Plaintiffs have failed to show a likelihood of success on the merits.

■ Plaintiffs argue that the union's protection demands conflict with protection provisions imposed by the Interstate Commerce Commission under 49 U.S.C. § 11347 in its orders approving consolidation of the Maine Central Railroad Company, Boston & Maine Corporation, and the Delaware & Hudson Railway Company under the control of Guilford Transportation Industries. They further contend that under the Interstate Commerce Act, job protection provisions imposed by the Commission preclude a strike on the issue of job protection because, under 49 U.S.C. § 11341(a), carriers participating in transactions approved by the Commission are exempt from all other laws "as necessary to let [them] carry out the transaction, . . . and exercise control acquired through the transaction."

It is clear that the ICC did in fact issue orders approving Guilford Transportation's control over Plaintiff Railroad and others that included the so-called "New York Dock" job protection conditions.[2] Such orders relate to disputes arising directly out of the transaction approved by the order. *International Association of Machinists v. Northeast Airlines,* 473 F.2d 549, 559–60 (1st Cir.1972); *Brotherhood of Locomotive Engineers v. Chicago & North Western Railway,* 314 F.2d 424 (8th Cir.1963). The record before the Court does not show that the job protections that are the subject of the strike which Plaintiffs seek to enjoin relate to the transaction that was the subject of the ICC orders. It is not clear that the union's demands relate to employees

covered by the New York Dock conditions.[3] Neither is there any evidence to establish that the job protection provisions sought in the negotiations by the maintenance of way employees represented by the Defendant would in any way interfere with or defeat the carrier's efforts to complete the approved transaction.

■ Plaintiffs also argue that the union is not free to strike under the Railway Labor Act because it has not "exert[ed] every reasonable effort to make and maintain agreements . . . and to settle all disputes . . . in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute. . . ." 45 U.S.C. § 152 First. Again the Court finds that Plaintiffs have not met their burden of showing likelihood of success on the merits. They base their contention on allegations in the complaint that Defendant, with only one exception, has refused to bargain on any issue other than job protection. Plaintiffs conceded at oral argument that Defendant has complied with the exhaustive requirements of the Railway Labor Act and that job protection is indeed an issue of vital importance to the union. Under certain factual circumstances, insisting on resolution of one issue before bargaining on others could possibly violate the duty set forth in section 2 First. *See, e.g., Eastern Maine Medical Center v. NLRB,* 658 F.2d 1, 10–12 (1st Cir.1981). On the present record, however, the Court cannot conclude that the union has failed to satisfy its duty to "exert every reasonable effort to make and maintain agreements . . . and to settle all disputes."

■ The reasonableness of the union's position is to be judged by whether it reflects sufficient indicia of flexibility to justify the conclusion that the union still desires to achieve agreement. *Eastern Maine Medical Center,* 658 F.2d 1. That

---

**2.** *New York Dock Ry. v. United States,* 609 F.2d 83 (2d Cir.1979).

**3.** There remains a substantial legal question whether, even if the demands being pressed by the union were indeed covered by the ICC or-

der, the union is precluded from striking. The Court need not resolve this issue in light of the lack of factual support for the Plaintiffs' position that the strike relates to issues covered by the ICC orders.

issue is to be determined not on broad allegations but by viewing the context and the course of discussions. For example, the union's bargaining position on the initial issue may well have been precipitated by a harsh bargaining stance on the part of the Railroad. In order to assess reasonableness, therefore, the Court must have before it evidence of what transpired in bargaining and the tenor of both parties in expressing their positions. No such evidence has been presented. The Court cannot conclude from the record made in these proceedings that the union's position in respect to bargaining on issues besides job protection has hardened to an unacceptable level of inflexibility.

Accordingly, it is *ORDERED* that Plaintiffs' Motion for a Preliminary Injunction be, and it is hereby, *DENIED.*