Jennifer **CLARK**

v.

Donald and Linda **GOODRIDGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 10, 1993.

Oct. 5, 1993.

Sarah E. LeClaire, Pine Tree Legal Assistance, Inc., Presque Isle, for plaintiff.

Donald H. Goodridge, pro se.

Linda L. Goodridge, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Defendants Donald and Linda Goodridge appeal from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming a judgment of the District Court (Houlton, *Griffiths, J.*) in favor of the plaintiff, Jennifer Clark. The case arises from Clark's claims that defendants illegally evicted her from her apartment in violation of 14 M.R.S.A. § 6014 (Supp.1992), and unlawfully entered her apartment contrary to the provisions of 14 M.R.S.A. § 6025 (Supp.1992).

Defendants contend that the District Court erred in declining to hear evidence that had been presented at an earlier unrecorded hearing on a motion to dissolve a temporary restraining order the court had entered against them, and that the plaintiff failed to prove the elements of her complaint at later recorded hearings on the merits. Finding no error or abuse of discretion, we affirm the judgment.

The Goodridges are owners of an apartment building in Houlton. Clark, along with her son, was occupying one of the apartments. The apartment at one time was rented in the name of her boyfriend, with whom Clark lived. The boyfriend subsequently moved out. On June 5, 1990, while Clark was out of the building, Donald Goodridge broke a window to gain entry to the apartment Clark was occupying. Clark and her son returned to her apartment while Goodridge was changing the lock on the door. Goodridge called the police and threatened to have Clark arrested if she did not leave the building. Clark left the apartment without being offered any of her possessions.

On that same day, Clark filed the present complaint against the Goodridges and successfully sought a temporary restraining order (TRO) in the District Court, that required the Goodridges temporarily to surrender possession of the apartment to Clark. *See* M.R.Civ.P. 65(a). The Goodridges promptly moved to dissolve the TRO on the grounds that it did not satisfy the requirements of M.R.Civ.P. 65 and that Clark was not a tenant. A hearing on the motion to dissolve, and on Clark's motion to amend the TRO was held in the District Court on June 7. The court heard testimony from live witnesses and also considered affidavit evidence. Both parties declined the opportunity to have the hearing recorded. The motion to dissolve the TRO was denied and the court issued an amended TRO. On June 21, a hearing was held on Clark's motion for a preliminary injunction. The motion was withdrawn, however, and the court extended the TRO. Clark moved from the apartment on June 25, 1990.

Clark pursued her claims of illegal eviction and unlawful entry, and hearings on

those claims were held on September 23, 1991 and January 12, 1992, before the same judge who had presided at the earlier proceedings. At those hearings on September 23 and January 12, which were recorded, the court declined to hear testimonial evidence that had previously been presented at the June 7, 1990 hearing on the motion to dissolve the TRO. Subsequently, the court made findings of fact based on the evidence presented at the June 7, September 23, and January 12 proceedings and entered a judgment for Clark.[1] This appeal followed the Superior Court's affirmance of the District Court judgment. Because the Superior Court acted in the capacity of an intermediate appellate court, we review directly the actions of the District Court. *Department of Human Servs. v. Roy*, 585 A.2d 813, 816 (Me.1991).

■ The Goodridges contend that the District Court erred in refusing to allow them to present evidence at trial that they had presented initially at the hearing on their motion to dissolve the TRO. Rule 65(a) does not address whether evidence previously presented at a hearing on a TRO can be considered by the court in deciding the merits of the case without that evidence having to be repeated at a trial on the merits. M.R.Civ.P. 65(b)(2), however, specifically contemplates that evidence received at a hearing on a motion for a preliminary injunction that would be admissible at the trial on the merits becomes part of the record and need not be repeated at a trial on the merits. We conclude that in the circumstances of this case, the hearing on the motion to dissolve the TRO was analogous to a hearing on a preliminary injunction, and the court acted within its discretion in (1) declining to rehear at the trial on the merits evidence presented at the motion to dissolve, and (2) relying on that evidence to formulate its decision.

■ A hearing on a TRO may be treated as a hearing on a preliminary injunction

under certain circumstances. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 1125, 39 L.Ed.2d 435 (1974). Such circumstances arise when there is sufficient notice and when the parties are in a position to present evidence and legal arguments for or against a preliminary injunction. *Id. See* Wright & Miller, *Federal Practice & Procedure* § 295 at 499 (1973) (when opposing party receives notice of the application for a restraining order, proceedings are functional equivalent of hearing on preliminary injunction); *see also*, 2 Field, McKusick & Wroth, *Maine Civil Practice* § 65.2 at 108 (2d ed. 1970) (TRO granted with notice not functionally different from preliminary injunction). Moreover, "if there is an adversary hearing or the order is entered for an indeterminate length of time, the 'temporary restraining order' may be treated as a preliminary injunction." *Federal Practice & Procedure* § 295 at 500.

Most federal courts that have considered the issue have concluded that a TRO issued after notice and an adversary hearing may be treated like a preliminary injunction.[2] *See Dilworth v. Riner*, 343 F.2d 226, 229 (5th Cir.1965) (full-scale hearing on third day after filing of complaint for TRO was, in substance and result, hearing on preliminary injunction); *Maine Cent. R.R. Co. v. Brotherhood of Maintenance of Way Employees*, 652 F.Supp. 40, 41 n. 1 (D.Me.1986) (motion for TRO treated as motion for preliminary injunction when defendant received notice and hearing was held); *Walker v. O'Bannon*, 487 F.Supp. 1151, 1153–54 n. 6 (W.D.Pa.1980) (second hearing eight days after initial proceeding sufficient to serve as preliminary injunction hearing).

In this case, the Goodridges had notice of the hearing that was on their own motion to dissolve the previously issued TRO. *See Casco Northern Bank, N.A. v. New England Sales*, 573 A.2d 795, 797 (Me.1990) (in analogous situation, hearing on motion to dissolve

---

1. Clark was awarded $100 statutory damages against both defendants for the unlawful entry, *see* 14 M.R.S.A. § 6025, and for the illegal eviction, for a total of $400. *See* 14 M.R.S.A. § 6014. In addition, she was awarded her attorney fees and costs in the amount of $2426.25.

2. It is appropriate for us to consider federal case law and commentaries. F.R.Civ.P. 65(a)(2) is functionally identical to M.R.Civ.P. 65(b)(2). Similarly, F.R.Civ.P. 65(b) is equivalent to M.R.Civ.P. 65(a) for the purposes of this case.

an *ex parte* attachment considered equivalent of contested hearing on attachment with notice). The hearing on the motion to dissolve the TRO was testimonial, was extensive and covered substantive as well as procedural issues. One of those issues was whether Clark was a tenant. Moreover, although the order granted by the court on June 7, 1990 was called an amended TRO, it was issued after Clark withdrew her motion for a preliminary injunction and it served the same purpose as a preliminary injunction by preserving the status quo of the parties pending a final decision on the merits. Because the June 7 hearing was the functional equivalent of a hearing on a preliminary injunction, it was not an abuse of discretion for the trial court to consider evidence presented at the June 7 hearing without requiring it to be repeated at trial.

■ The Goodridges also contend that Clark failed to establish the elements of her claim because she did not provide affirmative evidence at the recorded September 23, 1991 and January 12, 1992 hearings to support her allegations of unlawful entry and eviction. We are unpersuaded by that contention. The District Court referred to the evidence presented at the June 7 hearing in its findings of fact. The court found that Clark had shown all the necessary elements of illegal entry pursuant to 14 M.R.S.A. §§ 6014 and 6025, including the fact that she was a tenant at the time of Goodridge's entry into her apartment and her eviction. Although some of the evidence on which those findings are based is not in the record because it was presented at the June 7 hearing, the Goodridges do not dispute that Clark presented sufficient evidence at the June 7, September 23, and January 12 hearings cumulatively to support the court's findings.

The entry is:

Judgment affirmed.

All concurring.