STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-053

RODERICK FRYE,

Plaintiff

v.

DEBORAH FRYE and
RODEB PROPERTIES, INC.,

Defendants

ORDER ON PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

18 FEB '15 PM4:03

Before the court is plaintiff's motion for temporary restraining order. Expedited hearing was held on February 18, 2015. All parties were represented by counsel.

Because the parties had sufficient notice in this case, the court will treat the motion for a temporary restraining order as one for a preliminary injunction. See Clark v. Goodridge, 632 A.2d 125, 127 (Me. 1993) ("A hearing on a TRO may be treated as a hearing on preliminary injunction . . . when there is sufficient notice and when the parties are in a position to present evidence and legal arguments for or against a preliminary injunction.").

To grant a preliminary injunction, the court must find that the following four criteria are met:

(1) that plaintiff will suffer irreparable injury if the injunction is not granted,

(2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant,

(3) that plaintiff has exhibited a likelihood of success on the merits (at most a probability; at least, a substantial possibility),

(4) that the public interest will not be adversely affected by granting the injunction.

Ingraham v. Univ. of Me. at Orono, 441 A.2d 691, 693 (Me. 1982).

1. Irreparable Injury

"'Irreparable injury' is defined as 'injury for which there is no adequate remedy at law.'" Bangor Historic Track, Inc. v. Dep't of Agric., 2003 ME 140, ¶ 10, 837 A.2d 129 (quoting Bar Harbor Banking & Trust Co. v. Alexander, 411 A.2d 74, 79 (Me. 1980)). Economic injury by itself does not constitute irreparable injury. OfficeMax, Inc. v. Qwick Print, Inc., 709 F. Supp. 2d 100, 113 (D. Me. 2010).[1] A finding that money damages are available in the future "cuts heavily against a conclusion that the injury which would call forth such an award is irreparable in nature." CTC Comms., Inc. v. Bell Atlantic Corp., 14 F. Supp. 2d 133, 146 (D. Me. 1998).

In this case, plaintiff argues that if the properties are liquidated, "RoDeb will be eliminated as a functional entity and it will be near-impossible to resurrect the business. Rod owns 49.5% of RoDeb and will therefore be seriously impacted by any disposition of RoDeb's assets that fails to maximize shareholder value." (Pl.'s Mem. 6; Pl.'s Reply Mem. 2.) Plaintiff argues further that defendant Frye's alleged misuse of corporate funds will irreparably injure the corporation and, therefore, plaintiff. (Pl.'s Mem. 7.) These claims are compensable by money damages. See A.X.M.S. Corp. v. Friedman, 948 F. Supp. 2d 319, 337 (S.D.N.Y. 2013) (finding that

---

1 This court may look to federal case law for guidance on motions for preliminary injunction. Clark, 632 A.2d at 127 n.2.

2

claims for breach of fiduciary duty, waste of company assets, and breach of contract "are classic money damages lawsuits").[2]

### 2. Balance of Harms, Public Interest, Success on the Merits

The absence of irreparable harm precludes a grant of injunctive relief and dispenses with the discussion of the other three required showings noted in Ingraham. The court notes, however, that the harm to the defendants if enjoined from selling corporate real property will exceed any harm to plaintiff. A purchase and sale agreement for the Caribou property was signed by defendant Frye on behalf of defendant RoDeb. (Frye Aff. Ex. 14.) The closing is scheduled for February 26, 2015.

Further, although the public interest is not directly affected by this transaction, the public has an interest in the execution of valid contracts and the orderly conduct of corporate affairs. The public also has an interest in promoting the policy that "a preliminary injunction is an extraordinary remedy" that should be "used sparingly and only in a clear and plain case." L.L. Bean, Inc. v. Bank of Am., 630 F. Supp. 2d 83, 86 (D. Me. 2009); see also OfficeMax, Inc., 709 F. Supp. 2d at 106 ("A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

Finally, plaintiff's argument that defendant Frye is acting without authority begins with the allegation that Barbara Frye was not competent to sign the power of attorney. (Pl.'s Mem. 3-4; Frye Aff. ¶¶ 22-24.) Plaintiff does not allege he was present for the execution of the power of attorney, which was prepared by Attorney

---

2 In the complaint, plaintiff alleges eight causes of action: failure to obtain shareholder consent, failure to permit inspection of records, breach of duty as director and officer, conversion, accounting, constructive trust, declaratory judgment, and punitive damages.

3

Daniel Nuzzi of Brann and Isaacson. Barbara Frye's signature was acknowledged before a notary public. (Frye Aff. Ex. 3.)

The entry is

Plaintiff's Motion for Preliminary Injunction is DENIED.

Date: February 18, 2015

Nancy Mills
Justice, Superior Court

CUMB-CV-15-053

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

KELLY MCDONALD ESQ    *Plaintiff's Counsel*
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME 04104-5085

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

RUSSELL PIERCE ESQ      *Defendant's Counsel*
NORMAN HANSON & DETROY LLC
PO BOX 4600
PORTLAND ME 04112-4600