MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2022 ME 23
Docket:         Cum-21-180
Submitted
  On Briefs:    December 21, 2021
Decided:        April 5, 2022

Panel:          STANFILL, C.J., and MEAD, JABAR, HORTON, and CONNORS, JJ.*

STEVEN M. MCKEEMAN et al.

v.

CHRISTOPHER DUCHAINE et al.

STANFILL, C.J.

[¶1]  Steven and Melinda McKeeman appeal from a judgment of the District Court (Portland, *Woodman, J.*) that characterized the court's prior order on their preliminary injunction motion as "a ruling on the merits" and therefore entered a final judgment without further hearing.  Because the court's after-the-fact order treating the hearing on the motion for a preliminary injunction as a consolidated hearing on the motion and on the merits violates M.R. Civ. P. 65(b)(2) and offends due process, we vacate.

---

* Although Justice Gorman participated in the appeal, she retired before this opinion was certified.

## I.  BACKGROUND

[¶2]  Steven and Melinda McKeeman rented a residential property in Gorham from CCLD, LLC.  The McKeemans filed a complaint against CCLD, LLC, and its owner, Christopher Duchaine, (collectively, Duchaine) alleging violations of the statutory warranty of habitability and an illegal eviction. 14 M.R.S. §§ 6014, 6021 (2021).  The complaint sought injunctive relief, declaratory relief as to the alleged statutory violations, damages, and court costs.

[¶3]  Together with the complaint, the McKeemans filed a motion for an ex parte temporary restraining order (TRO) and a preliminary injunction requiring that Duchaine make the apartment habitable and pay for the McKeemans' emergency motel stay in the interim.  M.R. Civ. P. 65.  The court denied the McKeemans' motion for an ex parte TRO but scheduled a hearing for the next day on the motion for a preliminary injunction.  At the close of that hearing, the McKeemans reiterated their request for a preliminary injunction and asked for an "actual hearing on the merits of this case on the underlying complaint at a later date."

[¶4]  The court entered an "Order on Plaintiffs' Request for Preliminary Injunction" granting in part and denying in part the McKeemans' motion.  The

court found that Duchaine had breached the warranty of habitability and ordered that Duchaine schedule an inspection and undertake all reasonable repairs necessary to make the unit safe and habitable. However, the court denied the McKeemans' request that Duchaine pay for their emergency lodging costs for lack of sufficient evidence. The order did not address the other relief sought in the complaint.

[¶5] Over a month later, the McKeemans filed an affidavit and request for default and default judgment, alleging that Duchaine had failed to timely file an answer to their complaint.[1] M.R. Civ. P. 55. The court denied the McKeemans' request, reasoning:

> Given that an evidentiary hearing has been held and a *ruling on the merits* of [the] Verified Complaint has issued, there is no basis for [the] requested default judgment.

(Emphasis added.) In support, the court explained that, notwithstanding the title of its prior order, it had "heard evidence concerning all aspects of the relief sought in [the] Verified Complaint and issued a decision addressing [the] allegations and relief sought such that its ruling constitutes a Judgment on [the] Verified Complaint." The court then entered the order as a final judgment, from which the McKeemans timely appealed. M.R. App. P. 2B(c)(1).

---

[1] Although Duchaine appeared at the preliminary injunction hearing, he did not file a written answer.

4

## II. DISCUSSION

[¶6] The McKeemans argue that the court erred by consolidating the preliminary injunction hearing with a bench trial on the merits without notifying the parties. Consolidation without notice, they assert, deprived them of the opportunity to litigate all issues and pursue all requests for relief raised in the complaint. We agree.

[¶7] We review an interpretation of the Rules of Civil Procedure de novo. *Bridges v. Caouette*, 2020 ME 50, ¶ 10, 230 A.3d 1. Rule 65(b)(2) addresses consolidation of a preliminary injunction hearing with a trial on the merits:

> Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.

M.R. Civ. P. 65(b)(2). An order for "consolidation . . . should be set forth clearly on the record to eliminate any uncertainty as to what is being decided." Horton & McGehee, *Maine Civil Remedies* § 5-10(f)(2) at 134 (4th ed. 2004); *see* 3 Harvey & Merritt, *Maine Civil Practice* § 65:4 at 342 (3d, 2021-2022 ed. 2021) ("[C]onsolidation should be clearly understood and reflected in the record."); *cf. Summit Realty, Inc. v. Gipe*, 315 A.2d 428, 429 (Me. 1974) ("Although the notice for hearing . . . was limited to the issuance of a preliminary injunction,

the record makes it clear that both parties and the [court] considered that the trial was on the merits of the action.").

[¶8] Generally, a court may order consolidation on a party's motion, after stipulation by all parties, or sua sponte. 13 James W. Moore et al., *Moore's Federal Practice* § 65.21(5) (3d ed. 2007).[2] However, a court cannot resolve the merits of a case on the record developed at the preliminary injunction hearing absent a clear order of consolidation or agreement among the parties to so proceed. *John v. Louisiana*, 757 F.2d 698, 704 (5th Cir. 1985); *accord Caribbean Produce Exch. Inc. v. Sec'y of Health and Hum. Servs.*, 893 F.2d 3, 5 (1st Cir. 1989) (requiring "indisputably clear notice" of consolidation); *see, e.g., T.M.T. Trailer Ferry, Inc. v. Union de Tronquistas, Loc. 901*, 453 F.2d 1171, 1172 (1st Cir. 1971) (reversing dismissal of a complaint after a preliminary injunction hearing for lack of a clear consolidation order). Even if clearly ordered, notice of consolidation given *after* a preliminary injunction hearing arrives too late to serve its purpose. *See Aponte v. Calderon*, 284 F.3d 184, 190 (1st Cir. 2002) ("[N]otice [of consolidation] must be given sufficiently early to allow the parties time to assemble and present their evidence."); *accord*

---

[2] As we have previously noted, it is appropriate for us to consider case law and commentaries on federal rules of civil procedure that are functionally equivalent to Maine's rules of civil procedure. *See, e.g., Clark v. Goodridge*, 632 A.2d 125, 127 & n.2 (Me. 1993).

6

*Pughsley v. 3750 Lake Shore Drive Coop. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972) ("[P]arties should normally receive clear and unambiguous notice [of consolidation] either before the [preliminary injunction] hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases."); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (endorsing the *Pughsley* rule by application).

[¶9]  Failure to give appropriate notice of consolidation is more than a mere technical misstep.  Unclear or untimely consolidation orders also raise constitutional concerns when they deprive parties of their due process rights to notice and the opportunity to be heard.  *See K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 913 (1st Cir. 1989) (observing that a court's consolidation authority "must be tempered by the due process principle that fair notice and an opportunity to be heard must be given [to] the litigants before the disposition of a case on the merits." (quotation marks omitted)).

[¶10]  Here, the court failed to provide notice of consolidation.  The court did not express any intent to consolidate before or at the preliminary injunction hearing and did not address the issue in its corresponding order on the McKeemans' motion.  There is no record evidence that the parties requested or stipulated to consolidation.  To the contrary, the McKeemans' direct request for

a separate hearing on the merits at the close of the preliminary injunction hearing attests to their lack of notice that the preliminary injunction hearing would also serve as the trial on the merits.

[¶11]  The first time the court expressed that the preliminary injunction hearing had been consolidated with the trial on the merits was when it denied the McKeemans' request for default and default judgment, some four months after the order on the preliminary injunction motion had issued.  That ruling effected a retroactive consolidation that clearly departs from M.R. Civ. P. 65(b)(2)'s requirements and prevented the McKeemans from fully developing and litigating all their claims, as reflected in the court's denial of actual damages for lack of evidence.

[¶12]   The court erred by ordering entry of judgment based on a consolidation that occurred after the fact.[3]

The entry is:

> Judgment vacated.  Remanded for further
> proceedings consistent with this opinion.

---

[3] Given that the improper consolidation was also the court's basis for denying entry of default, on remand the court should also take up the McKeemans' request for default and default judgment.

8

Emma Halas-O'Connor, Esq., Pine Tree Legal Assistance, Inc., Portland, for appellants Steven M. and Melinda R. McKeeman

Christopher Duchaine and CCLD, LLC, did not file a brief

Portland District Court docket number CV-2021-23
FOR CLERK REFERENCE ONLY