STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
Location: PORTLAND
Docket No: BCD-CIV-2022-00006

MOULISON LLC, )
)
        Plaintiff, )
)
   v. )
)
KENNETH MOULISON, )
DONNA MOULISON, and )
THE DONNA M. MOULISON )
REVOCABLE TRUST, )
)
        Defendants. )

**ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR RECONSIDERATION**

Before the Court is Defendants' Motion for Reconsideration of this Court's Order dated November 21, 2022, in which the Court granted Plaintiff's Motion to Strike Defendants' Errata Sheets. That Order articulated a proportionality standard under which errata sheets that make broad or contradictory changes to deposition testimony must be adequately supported by a statement of the reasons for such changes. This standard derives from the plain language of Maine Rule of Civil Procedure 30(e) and its functional equivalent, Federal Rule of Civil Procedure 30(e)(1).[1] Accordingly, the Court's analysis canvassed a broad range of federal case law, including a recent United State District Court decision, *Godfried v. Ford Motor Co.*, No. 1:19-cv-00372-NT, 2022 U.S. Dist. LEXIS 129263 (D. Me. July 21, 2022). Defendants contend the Court misapplied *Godfried* and, furthermore, that considerations of fairness and justice compel reconsideration of the Strike Order. Plaintiff responded and opposed the Motion on December 21, 2022. For reasons discussed below, the Court grants the Motion in part and reserves in part.

---

[1] Maine courts may appropriately consider case law and commentaries on federal rules of civil procedure that are functionally equivalent to Maine's rules of civil procedure. *McKeeman v. Duchaine*, 2022 ME 23, ¶ 8 n.2, 272 A.3d 300.

1

## STANDARD OF REVIEW

Motions for reconsideration may only be utilized "to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). Rule 7(b)(5) is intended to deter disappointed litigants from seeking "to reargue points that were or could have been presented to the court on the underlying motion." *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (quoting M.R. Civ. P. 7(b)(5) advisory committee's note to 2000 amend.). A motion for reconsideration need not be granted "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980). The burden of showing harmful error rests on the moving party. *Id.*

## BACKGROUND

Plaintiff Moulison LLC ("Plaintiff") filed suit against Defendants Kenneth Moulison and Donna Moulison ("Defendants") in July 2021 alleging, in relevant part, breach of contract with respect to a $358,000.00 promissory note executed by Defendants and delivered to Plaintiff on March 28, 2018. Specifically, Plaintiff alleges the note was payable on demand with 15 days' written notice and that Defendants failed to pay the total amount due. Defendants' purported theory of the case, as asserted in their Counterclaims, is that the note was part of a "larger agreement" between the parties that imposed additional terms prohibiting Plaintiff from demanding payment on the note, selling its assets, or terminating Kenneth's employment before December 31, 2025. As Defendants noted in both their Opposition to the Motion to Strike and their Motion for Reconsideration, this has been Defendants' theory ever since they filed their Counterclaims in December 2021. (*See* Countercl. ¶ 30.)

Notwithstanding Defendants' theory of the case, Kenneth Moulison conceded during his deposition that although he believed he had seven years to repay the note through company

bonuses (*see* Kenneth Moulison Dep. 155:11-16, 197:8-25), he had no agreement with Plaintiff regarding the alleged additional terms. Specifically, when asked whether there was an agreement that Plaintiff would employ Kenneth for any period of time, refrain from firing Kenneth, refrain from selling the company, or refrain from assigning the note to a third party, Kenneth answered "no." (*Id.* 153:15-154:15.) Moreover, Kenneth conceded that he did not think any of those terms were part of the note. (*Id.* 154:16-155:7.) Additionally, Donna conceded during her deposition that although she shared Kenneth's belief, she never discussed the note's terms with Plaintiff. (Donna Moulison Dep. 17:5-7, 30:20-31:1, 60:18-20.)

Following their depositions, Defendants submitted errata sheets that inserted references to the purported "larger agreement." Specifically, the revised testimony includes an allegation that Plaintiff failed to honor Kenneth's seven-year repayment deadline. In effect, these erratas overwrite Defendants' original testimony, which tends to negate the existence of the agreement, with testimony that presupposes its existence. Pursuant to the errata form provided by Plaintiff's court reporter, which listed three "reason codes" in its preface, Defendants selected "1. To Clarify the Record" as the reason for the changes. Defendants' deposition testimony, however, is not unclear.

Plaintiff filed a Motion to Strike Defendants' Errata Sheets on August 26, 2022, and a Motion for Summary Judgment on September 30, 2022. In ruling on the Motion to Strike, this Court stated that "the reason given for a change must be proportional to the change itself." Consequently, "where a party seeks to make broad or contradictory changes in substance" to deposition testimony via an errata sheet, wholly conclusory reasons such as a "reason code" are insufficient. Because Defendants failed to provide adequate explanation, the Court ordered that the errata sheets be struck.

**ANALYSIS**

Defendants' Motion for Reconsideration asserts two separate and independent arguments. The first is grounded in Defendants' interpretation of *Godfried*. The second raises concerns of fairness and justice. The Court addresses each argument in turn.

## I. *Godfried*'s reasoning is not limited to erratas that introduce a new theory of the case.

In its Strike Order, this Court sought to articulate a framework that both harmonizes with the plain language of Rule 30(e) and avoids compromising the utility of summary judgment. *See EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 270 (3d Cir. 2010). Defendants correctly point out that much of the federal case law on which that Order was premised remains unsettled. Nonetheless, the Court found Judge Torresen's reasoning in *Godfried* persuasive: Because "an errata that changes deposition testimony must be supported by 'the reasons for making' those changes," vague or conclusory reasons that offer "no explanation at all" are insufficient to justify a substantive change. *Godfried*, 2022 U.S. Dist. LEXIS 129263, at *17-19. Ultimately, the Court concluded that imposing a proportionality requirement between a substantive change and its justification would accomplish the desired balance.

Defendants do not take issue with the proportionality test itself, but rather with the scope of its applicability. Specifically, Defendants argue the test should apply only when a party's errata sheets "make seismic changes to testimony that introduce an entirely new theory or facts." (Mot. Reconsideration 4.) Consequently, they argue, "the Court must look beyond the pre-errata deposition to the case as a whole, including expert reports, pleadings, *etc.*, to see if a theory is being introduced for the first time in an errata sheet." (Mot. Reconsideration 5.) This argument is grounded in what Defendants view as a key factual distinction in *Godfried*, namely, that the errata

sheets in that case asserted a new theory that was not only absent from the expert's pre-errata deposition testimony, but also "from her expert report and, by extension, the case as whole." (Mot. Reconsideration 4-5.)

Defendants are mistaken in their interpretation of *Godfried*. In that case, the plaintiff sent the defendant an expert designation letter on November 8, 2021, more than a full month before the expert's deposition, stating that the expert was "of the opinion that both the original restraining device and the replacement one were defective" in that "[e]ither [device] was subject to unexpected failure given the vibrations and movement inherent in transporting the sickle mower." *Godfried*, 2022 U.S. Dist. LEXIS 129263, at *3. This opinion, although present in the expert designation letter, was "entirely missing from [the expert's] report and her pre-errata deposition testimony." *Id.* at *15. For this precise reason, the expert later submitted errata sheets that "sought to change her testimony that all of her opinions . . . were contained in her expert report to say that she also expressed opinions in the expert designation letter." *Id.* at *14. Had Judge Torresen applied the test proposed by Defendants and looked "beyond the pre-errata deposition to the case as a whole," she likely would have allowed the erratas on grounds that they did not "introduce an entirely new theory or facts," but rather reiterated a theory that was previously expressed in the expert designation letter. *Id.* at *3. In other words, the key to Judge Torresen's reasoning in *Godfried* was not the timing of the theory's introduction, but rather the fact that it contradicted the deposition testimony without adequate explanation. *Id.* at *18. ("Professor Horton's errata sheet is problematic not necessarily because she sought to contradict her original testimony but that she did so without adequately explaining the reason(s) for the contradiction.")

Additionally, even if Judge Torresen's decision had hinged on the factual distinction asserted by Defendants, it does not follow that *Godfried*'s reasoning would be inapplicable to this

case. This Court sees no principled reason for limiting the proportionality test to errata sheets that introduce a new theory for the first time. After all, anything can be pleaded, but not everything can be proved. If litigants were given free license to rewrite sworn testimony on grounds that some portion of a pleading supported the changes, then they could easily evade summary judgment by doubling down on theories that were asserted at the outset of a case but not borne out by testimony and evidence. In such a scenario, the fact that a theory was "front and center" in the pleadings should make a court more, not less, skeptical. Ultimately, the requirement in all cases should be the same: "An errata that changes deposition testimony must be supported by 'the reasons for making' those changes," regardless of whether the information is introduced early in the case or at the eleventh hour. *Id.* at \*17.

Lastly, if the purpose of an errata sheet is to correct one's deposition testimony, then the reference point for its acceptance or rejection should be the deposition transcript itself, and not the record as a whole, unless such an approach would be unfeasible. In this case, the transcript speaks plainly enough: regardless of Defendants' theory of the case, Kenneth Moulison clearly and unambiguously testified that he neither had an agreement with Plaintiff regarding the note's alleged additional terms nor believed these terms were part of the note. (Kenneth Moulison Dep. 153:15-155:7.) The errata sheets in no way clarify this testimony. As one court noted, "the purpose of an errata sheet is to correct alleged inaccuracies in what the deponent said at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said." *Crowe v. Marchand*, No. 05-98T, 2006 U.S. Dist. LEXIS 98142 (D.R.I. Aug. 16, 2006).

## II. In the interest of fairness and justice, Defendants should be permitted to submit revised errata sheets.

Defendants next contend that given the absence of controlling Maine precedent, the unsettled nature of the federal case law, and *Godfried*'s recent vintage, the Strike Order should be

reconsidered in the interest of fairness and justice. Although *Godfried* was decided prior to the submission of Defendants' errata sheets, the Court nonetheless acknowledges that the United States District Court for the District of Maine has traditionally followed an unqualified "plain language" approach when resolving errata disputes. *See Glenwood Farms, Inc. v. Ivey*, 229 F.R.D. 34, 35 (D. Me. 2005); *Elwell v. Conair, Inc.*, 145 F. Supp. 2d 79, 87 (D. Me. 2001); *Great N. Storehouse, Inc. v. Peerless Ins. Co.*, CIV. 00-7-B, 2000 WL 1901266, at *2 (D. Me. Dec. 29, 2000); *Metayer v. PFL Life Ins. Co.*, No. 98-177-P-C, 1999 U.S. Dist. LEXIS 23432, at *7 (D. Me. July 15, 1999). It is therefore understandable that Defendants would be uncertain of their precise obligation under Rule 30(e). Thus, in the interest of avoiding harmful error, the Court concludes that Defendants should be given an opportunity to comply with the proportionality test by submitting revised errata sheets.

## CONCLUSION

Based on the above, the Court **GRANTS, IN PART,** Defendants' Motion for Reconsideration and hereby **ORDERS** as follows:

Defendants shall, within 30 days of the date of this Order, submit revised errata sheets containing more detailed reasons for the changes.

The court **RESERVES** on the remainder of Defendants' Motion, pending review of the revised errata sheets.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: **12/29/2022**

Michael A. Duddy
Judge, Business and Consumer Court

7

Entered on the docket: 12/29/2022